IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| EAST TENNESSEE NATURAL GAS CO., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:02-cv-00146 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| 3.04 ACRES IN PATRICK COUNTY, | ) | By: Jackson L. Kiser |
| VIRGINIA, ET. AL., | ) | United States District Court |
| | ) | |
| Defendants. | ) | |

Before me are three *Motions in Limine* filed by Plaintiff.

(1) *Plaintiff's Motion in Limine to Exclude Reference to Wytheville Accident and Fire* [72] is hereby **GRANTED** because the minimal probative value of such a reference is substantially outweighed by its potentially prejudicial effect. *See,* Fed. R. Evid. 403. The Wytheville accident occurred in an above-ground metering station in which three pipelines from three different companies intersected. The pipeline in these cases is a single, underground transmission pipeline, which is completely different in character from the Wytheville metering facility. The Wytheville accident has minimal value in determining the value of land taken for the Plaintiff's pipeline, and the potentially prejudicial effect of allowing reference to the accident substantially outweighs its probative value;

(2) *Plaintiff's Motion For an Order in Limine Excluding Certain Testimony of Johnny Lambert* [76] is hereby **GRANTED** insofar as Defendants may not offer expert opinion on the value of the land in this case. Expert testimony is admissible if it is based upon sufficient facts or data and if it is the product of reliable principles and methods. *See*, Fed. R. Evid. 702. Mr. Lambert has had discussions with potential land purchasers regarding land with and without the

-1-

pipeline, and may have based an opinion about land value on those discussions. However, Mr. Lambert has not applied reliable principles and methods (e.g. comparable sales analysis) in arriving at any opinion that he may have on the value of affected properties. Therefore, I find that Mr. Lambert's opinion as to the value of land is not sufficiently reliable. Mr. Lambert may, however, testify as to the personal knowledge he gained from his conversations with prospective purchasers as to the detrimental effect of the pipeline;

(3) *Plaintiff's Motion in Limine to Exclude Reference to Any Liens Filed Against Defendants' Property and Potential For Another Pipeline* [74] is hereby **GRANTED.** Reference to liens filed against Defendants' property would likely result in the trying of collateral issues and the probative value of such reference would likely be outweighed by its prejudicial value. Reference to the potential placement of another pipeline is inappropriate because it is entirely speculative and would require authorizations and land condemnations beyond those that have occurred in this case.

The Clerk is directed to send certified copies of this Order to all counsel of record.

Entered this 22nd day of September, 2005.

                                              s/Jackson L. Kiser
                                              Senior United States District Judge